IN RE DISQUALIFICATION OF WILSON.

GALLUZZO *v.* GALLUZZO.

[Cite as *In re Disqualification of Wilson* (1996), 77 Ohio St.3d 1250.]

(No. 96–AP–135—Decided October 3, 1996.)

MOYER, C.J.   This affidavit of disqualification was filed by defendant Michael Galluzzo seeking the disqualification of Judge Roger B. Wilson from further proceedings in this post-decree custody proceeding involving the parties' two minor children.

Affiant claims that Judge Wilson and his magistrate have made a number of rulings that favor the mother of the minor children and are contrary to the affiant.   In particular, he claims that the judge's and magistrate's rulings are biased based on gender and points to a review of contested custody cases over the past three years that indicates a clear pattern on the part of Judge Wilson and the magistrate to favor mothers in contested cases.   Affiant says his review indicates that Judge Wilson granted custody to the mother in seventy of seventy-four contested custody cases over the past three years.   In the four cases in which custody was granted to the father, affiant contends that all involved a finding of parental misconduct on the part of the mother.   Based on this review and the proceedings to date in this case, affiant contends that Judge Wilson and his magistrate are predisposed to favor mothers over fathers in contested custody cases and that this predisposition is prejudicial to affiant.

Much of this affidavit of disqualification expresses affiant's disagreement with legal rulings made in the underlying case by Judge Wilson or his magistrate.   Disagreement or dissatisfaction with legal rulings is not grounds for disqualification.   *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.   Moreover, R.C. 2701.03 does not permit the Chief Justice to rule on allegations of bias or prejudice made against magistrates.   The removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court.   *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458.

With regard to affiant's claim that Judge Wilson and his magistrate have a bias and prejudice against fathers in contested custody cases, I cannot conclude that the record before me supports such a finding.   Affiant's argument is that Judge Wilson has awarded custody to mothers in seventy of seventy-four contested custody cases over the past three years;   therefore, Judge Wilson is biased against fathers and for mothers in these cases.   However, affiant fails to present evidence that the custody determinations were contrary to the evidence in the cases or were the product of a misapplication of the law.   Without such a

showing, I cannot conclude that Judge Wilson's decisions in this case or in custody cases in general are based on gender bias or prejudice.

For these reasons, the affidavit of disqualification is found to be not well taken and is denied.