OPINION
Defendant-appellant, William T. Unger, appeals a decision of the Brown County Court of Common Pleas, Domestic Relations Division, denying his motion which sought the disqualification of the magistrate assigned to his divorce case.
The marriage of appellant and his wife, plaintiff-appellee, Ruth Unger (nka Ruth Yontz), ended by divorce decree filed June 6, 1996. In 1997, the parties' case was assigned to the magistrate whose disqualification is sought. That year, appellant filed a motion seeking disqualification of the magistrate. In May 1998, the magistrate recused from considering appellant's then-pending motion to terminate spousal support. On September 22, 1999, appellant again filed a motion seeking the magistrate's disqualification on the ground that the magistrate "ha[d] had significant interaction in criminal matters with [appellant] as the Solicitor of Mt. Orab and as an assistant Prosecutor of Brown County, therefore, a fair and unbiased decision is impossible." At the time, appellant had two motions involving property matters pending before the magistrate. Following a hearing on appellant's motion for disqualification, the magistrate, applying Canon 3(E) of the Code of Judicial Conduct,[1] denied the motion as follows:
 In applying the facts in my case to the aforementioned guidelines, it appears that I should have no problem with being able to participate in this matter as Magistrate. I find that I have no personal bias or prejudice against either of the parties or [appellee's attorney] which would substantially impair my ability to be able to rule fairly and impartially in favor or against either of the parties in accordance with the evidence presented. I have no personal knowledge of any of the disputed evidentiary manners concerning this matter other than those that I have seen in the case file. I have never served as a lawyer in the parties divorce case which is the matter currently in controversy. I have never practiced law as an associate or a partner with any of the attorneys who have ever participated in this case and I am not a material witness in this matter. I do not personally know either of the parties in this matter. I know [appellee's attorney] strictly on a professional basis. I have no economic interest in this case whatsoever. No member of my family has acted as a party, fiduciary, lawyer, or judge in this matter. No member of my family has any economic interest in this case.
 Believing that his previous recusal had been "hastily done [out of] an over-abundance of precaution," the magistrate also ordered that his May 1998 recusal "be set aside and held for naught."
Appellant filed objections to the magistrate's decision, alleging that the magistrate "ha[d] been exposed to untruthful, unsubstantiated and damaging statements and/or facts related to pending motions as well as possible future motions of this case outside of the courtroom. This exposure has come from being a member of the Brown [County] Prosecutor's Office and as the Solicitor of the Village of Mt. Orab." By judgment entry filed March 14, 2000, the trial court overruled appellant's objections and affirmed the magistrate's decision as follows:
 The Court notes that the transcript [of the hearing on appellant's motion] indicates that the apparent charges in the County Court were initiated by [appellant] against [appellee], and that [the magistrate] indicated he had no contact adverse to [appellant] in such case while he was an Assistant Prosecuting Attorney. Regarding the village case in the Mt. Orab Mayor's Court, [the magistrate] was apparently a contract Attorney for the Village of Mt. Orab at the time this charge occurred, but [the magistrate] indicates that he had minimal, if any, contact at the Mayor's Court with this situation, and that he has retained no facts whatsoever regarding the same. A review of Canon 3 of the Code of Judicial Conduct would not seem to suggest, mandate, or otherwise require [the magistrate's] recusal in this situation. The Magistrate indicated no perceived problem as to fairness or impartiality. It further appears that no issues in the County Court or Mayor's Court cases are connected in any fashion to the issues currently before the Domestic Relations Court. The Court further notes that [the magistrate] in his recitation at the * * * hearing, as well as to some degree in the Magistrate's Decision itself, discusses Canon 3 and its inapplicability in this situation in some significant detail. This Court accordingly finds that recusal of [the magistrate] was not warranted, nor required, under the facts existent in this particular case.
This appeal follows.
In his sole assignment of error, appellant argues that the trial court erred by denying his objections and by affirming the magistrate's decision. Appellant contends that in light of a previous recusal by the magistrate and his "adverse, although limited, contact" with appellant, the magistrate should have recused himself as the foregoing "could suggest to a reasonable person the appearance of prejudice or impropriety."
As a preliminary matter, we note that while Civ.R. 53 empowers a court to appoint magistrates, Civ.R. 53(A), it does not address the issue of disqualification of a magistrate. There is also no specific statutory provision which addresses this issue. R.C. 2701.03, which governs the disqualification of common pleas judges, is expressly limited to judges and "cannot be used to disqualify a court referee [nka magistrate]." Inre Disqualification of Light (1988), 36 Ohio St.3d 604.
Nevertheless, "[t]he removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court." In re Disqualificationof Wilson (1996), 77 Ohio St.3d 1250, 1251. Indeed, because "[a]ppointment of a [magistrate] is no different from any other process in which the trial court exercises discretion * * *[,] [a]ny defect requiring modification must be brought to the attention of the court by the party affected, through a timely motion and memorandum properly supported by proof demonstrating the grounds alleged and the need for relief requested." Reece v. Reece (June 22, 1994), Miami App. 93-CA-45, 1994 Ohio App. LEXIS 2791, at *5, unreported.
It is axiomatic that a magistrate cannot effectively rule upon a motion to recuse himself. We therefore hold that the proper vehicle for relief when seeking the removal of a magistrate is "a motion for disqualification of the [magistrate] filed with the court." Gatliff v.Gatliff (Feb. 11, 1985), Warren App. No. CA84-08-049, unreported, at 7.
In the case at bar, appellant filed his disqualification motion with the magistrate rather than with the trial court. However, in light of the fact that he subsequently filed objections to the magistrate's decision with the trial court, which in turn addressed them, we construe for purposes of this appeal only appellant's objections as a motion for disqualification filed with the trial court and move on to the merits of appellant's contention. See id.
A review of appellant's arguments reveals that appellant does not specifically allege that the magistrate is biased or prejudiced against him. Rather, appellant argues that because of the previous recusal, the magistrate's past status as a village solicitor and county prosecutor, and the resulting "adverse, although limited, contact with [appellant]," a fair and unbiased decision by the magistrate regarding appellant's divorce case is impossible. Appellant cites to In re Disqualification ofNadel (1989), 47 Ohio St.3d 604, for the broad proposition that disqualification is appropriate when the facts "could suggest to a reasonable person the appearance of prejudice or impropriety * * *." Id. at 605. Appellant asserts that the magistrate's previous recusal and his contacts with appellant "could suggest to a reasonable person theappearance of prejudice or impropriety." (Emphasis added).
Contrary to appellant's contention, Nadel does not stand for the absolute proposition advanced by appellant. A review of the case clearly shows that the foregoing language was narrowly tailored to the facts of that case. In Nadel, a defendant charged with the felonious assault and kidnapping of the wife and infant of a Hamilton County common pleas judge sought the disqualification of another Hamilton County common pleas judge. The Supreme Court of Ohio held that
 The allegations contained in the affidavit do not support a finding that Judge Nadel could not preside fairly and impartially in the trial of this matter.
 However, the record reflects the existence of relationships within the judicial system of Hamilton County that could suggest to a reasonable person the appearance of prejudice or impropriety were this matter to be heard by any judge of the Hamilton County Common Pleas Court.
* * *
 Therefore, to avoid even the appearance of any prejudice or partiality and to insure the public's confidence in the integrity of the judicial system, it is ordered that Judge * * * Nadel and all other judges of the Hamilton County Common Pleas Court participate no further in these proceedings. A visiting judge from outside Hamilton County will be assigned[.]
 Id. at 605. The facts of Nadel are markedly different from those in the case at bar and it is therefore distinguishable.
Appellant claims that the magistrate's exposure to "untruthful, unsubstantiated and damaging statements and/or facts" relating to appellant from having been a village solicitor and a county prosecutor makes it impossible for the magistrate to render fair and unbiased decisions. However, appellant provides no substantiation for any of the foregoing allegations other than his own self-serving, conclusory, and vague statements. The record is totally devoid of any evidence regarding the alleged "untruthful, unsubstantiated and damaging statements" to which the magistrate was exposed. Appellant offers no time period as to when the magistrate was a village solicitor and/or county prosecutor, other than to say that the magistrate had such status at some time in the past. Similarly, during the hearing on his motion for disqualification, appellant offered no evidence or testimony to support his allegations. These allegations fall short of establishing the magistrate's alleged potential bias.
Based upon the record before us, we cannot say that the trial court's decision overruling appellant's objections was so unreasonable, arbitrary, or unconscionable as to connote an abuse of discretion. Appellant's sole assignment of error is accordingly overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
 ________________ WALSH, J.
[1] Canon 3(E)(1) of the Code of Judicial Conduct governs disqualification of judges and provides that:
 A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 (b) The judge served as a lawyer in the matter in controversy, a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning the matter;
 (c) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding;
 (d) The judge or the judge's spouse, or a person within the third degree of relation to either of them, or the spouse of such a person:
 (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Has acted as a judge in the proceeding;
 (iv) Is known by the judge to have an economic interest that could be substantially affected by the proceeding;
 (v) Is to the judge's knowledge likely to be a material witness in the proceeding.