OPINION
Appellant Walter C. Hawk appeals a divorce judgment of the Tuscarawas County Court of Common Pleas, ordering him to pay spousal support in the amount of $400 per month for thirty-six months to appellee LuAnn Hawk, and ordering him to pay appellee's attorney fees in the amount of $2,000:
 "I. THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT WHEN PLAINTIFF/APPELLEE WAS COHABITATING WITH ANOTHER MAN WHO WAS NOT HER SPOUSE.
 "II. THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION WHEN SAID DECISION CLEARLY DEMONSTRATED THAT THE MAGISTRATE HAD NOT REMAINED FREE FROM BIAS AND PREJUDICE IN RENDERING HIS DECISION.
 "III. THE TRIAL COURT ERRED IN ITS' DECISION FILE-STAMPED MARCH 5, 2002 WHERE AT PAGE FOUR (4) $2,000.00 AS AND FOR ATTORNEY FEES WERE AWARDED TO THE PLAINTIFF/APPELLEE, LUANN HAWK, FROM DEFENDANT/APPELLANT, WALTER C. HAWK."
The parties were married on February 12, 1994. The marriage was the second for appellant, and the third for appellee. At the time of the divorce, appellant was employed by the Wheeling and Lake Erie Railroad, earning $37,753. Appellee was employed as a school bus driver for the New Philadelphia School System, and as a limousine driver on a sporadic basis, earning $13,000 per year.
The case proceeded to trial before a magistrate in the Tuscarawas County Common Pleas Court. The magistrate recommended that appellee be granted a divorce from appellant on the grounds of extreme cruelty and incompatibility. The magistrate further recommended that appellant convey his interest in the marital home to appellee within three working days of the judgment entry approving or modifying the magistrate's decision. The magistrate further recommended that appellant be ordered to pay spousal support in the amount of $400 per month for 24 months, which would terminate upon the death of appellee, her remarriage, or her cohabitation with another person, which includes both sharing of expenses and sexual activity.
Appellant filed objections to the magistrate's report, arguing that appellee was already cohabitating with another man. The court remanded the issue of spousal support to the magistrate for further consideration and issuance of a supplemental decision in that regard. The court further ordered that appellant convey to appellee his interest in the marital residence within 15 days of the journalization of the judgment entry.
The court's judgment was filed May 25, 2001. On June 25, 2001, appellant filed a pro se notice of appeal, followed later that day by a notice of appeal filed by his counsel. The basis of the appeal concerned the award of the marital residence to appellee. Appellee then filed a notice of cross-appeal, claiming error in the court's remand to the magistrate on the issue of spousal support. Subsequently, the parties voluntarily dismissed their appeals.
The magistrate conducted a hearing on the issue of spousal support. The magistrate found that appellant failed to transfer his interest in the marital residence within 15 days, waiting until August 22, 2001 to sign the deed. Pursuant to the court's May 25 judgment entry, appellant was given 14 days to physically remove himself, his personal property, and his adult daughter from the marital residence. His daughter had previously moved, and he was no longer living in the marital residence. Appellee moved back into the marital residence when appellant left. She set appellant's property in the garage so he could pick it up. He waited until the last day to do so, then took a very few items of personal property. He used a knife to destroy furniture and other items of property which he had been awarded. When a police officer present at the scene remarked that other persons could use that property, appellant gave him a lawn mower and a couch to distribute to "needy persons."
Appellee and her daughter moved into the marital residence on June 14, 2001. Appellant had damaged five doors in the marital residence, and a cupboard door, and put sugar in the gasoline tank of the push mower which was awarded to appellee as part of the division of property.
On the issue of cohabitation, the magistrate found that in an effort to keep expenses at a minimum during the pendency of the divorce, the parties were allowed to reside in the marital residence together. However, appellant was prohibited from being in appellee's bedroom at any time for any purpose, which he repeatedly and flagrantly violated. As a result of appellant frequently coming into her room, appellee decided to reside elsewhere. She spent a few nights with a friend and co-worker. However, the friend had 14 birds, which kept appellee awake at night because of their tendency to vocalize their various mating calls.
In late December of 2000, or early January of 2001, appellee moved to the residence of Dean Mowls. Mowls claimed that she stayed in a spare bedroom. At one point, he claimed they had a sexual relationship for two years, dating back to 1999. However, he later changed his testimony, and said the sexual activity began after she moved back into the marital residence. According to appellee, she and Dean Mowls did not become sexually intimate until the granting of the divorce on May 25, 2001.
When appellee failed to return to the marital residence during the pendency of the action, appellant hired a private detective to procure evidence of her cohabitation, paying over $1500 for that service. The agency was able to establish that appellee often spent the night at the residence of Dean Mowls.
Mowls claimed that he did not share expenses with appellee, but merely gave her a place to stay. Appellant presented evidence that she paid an electric bill out of her checking account. However, Mowls claimed he gave her cash to pay the bill. According to appellee, she pocketed the cash, and paid the bill out of her checking account. At the time of the hearing on remand, appellant was engaged to be married to a woman with whom he was residing in Strasburg.
After considering all the statutory factors, the magistrate recommended that appellant be ordered to pay spousal support in the amount of $400 per month, for a period of 36 months. Evidence was presented on remand that appellant's income had increased to $50,000, while appellee's income remained approximately the same. The magistrate found that although appellee and Mowls admitted that they were sexually active at some point, there was no evidence of sharing expenses.
Appellant again filed objections to the magistrate's decision. Appellee also filed objections, claiming the magistrate erred in failing to award her attorney fees. The court approved the decision of the magistrate, adopting it as if fully re-written in the final judgment entry. On the issue of attorney fees, the court found that appellee would have been prevented from litigating her rights if the court did not award reasonable attorney fees to her, and further found that appellant was financially able to pay the attorney fees. The court accordingly awarded appellee attorney fees in the amount of $2,000.
 I
In his first assignment of error, appellant argues that the court erred in finding that appellee was not cohabitating with Dean Mowls.
Where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. Myers v. Garson,66 Ohio St.3d 610, 614, 1993-Ohio-9.
As a result of the protracted proceedings involving the dismissed appeals and the remand to the magistrate, the final judgment entry was not filed until March 5, 2002. Appellant was not ordered to start paying support until one month after that final entry. There is no evidence of cohabitation at the time the final support order was issued. Appellant presented no evidence to dispute the fact that at that time, appellee was living only with her daughter, in the marital residence. Actions which would terminate an order cannot occur before the order goes into effect.
Further, the magistrate's finding that there was insufficient evidence of sharing expenses is not against the weight of the evidence. Appellant argues that based on the testimony of Cary Weaver, who testified that appellee told him she was sharing expenses with Mowls, the court was required to conclusively find that appellee and Mowls were sharing expenses. However, the only physical proof presented by appellant was one check, written for a single electric bill. However, appellee, Mowls, and appellee's friend all testified that Mowls reimbursed appellee for the funds expended by her in payment of the bill. Based on the lack of physical proof of shared expenses, the court's finding that the parties did not share expenses was based on the credibility of the witnesses, and cannot be reversed by the court as against the weight of the evidence.
 The first assignment of error is overruled. II
Appellant next argues that the magistrate was biased against him. He argues that the magistrate allowed Mowls to appear and testify whenever he pleased, rather than when he was under subpoena. He also argues that the magistrate considered evidence not presented in the court room, as he considered an affidavit of a court employee concerning appellant's behavior in the hallway when he went to transfer the marital residence to appellee. He also argues that the magistrate's decision demonstrates bias in concluding that the only evidence of shared expenses was the single check, as he presented testimony that appellee admitted that she shared expenses.
The removal of a magistrate is within the discretion of the judge who referred the matter, and should be sought by a motion filed with the trial court. In Re: Disqualification of Wilson (1996), 77 Ohio St.3d 1250. In the instant case, appellant did not file a motion with the court to have the magistrate removed, but merely filed an objection to the magistrate's mention of the incident which happened outside of the courtroom. As appellant failed to follow the proper procedures for disqualification, he has waived any error, and the second assignment of error is overruled.
 III
Appellant argues that the court erred in failing to issue findings of fact on the issue of attorney fees, upon his timely request pursuant to Civ.R. 52.
When a court issues findings of fact and conclusions of law in either a judgment entry or opinion, the court has complied with Civ.R. 52, even if a party requests separate findings. Stone v. Davis (1981),66 Ohio St.2d 74. In the judgment entry awarding attorney fees, the court made findings that appellant had the ability to pay the attorney fees, and that appellee would have been prevented from fully litigating her rights and adequately protecting her interests in the absence of an award of reasonable attorney fees. These factors mirror the statutory factors pursuant to R.C. 3105.18 (H).
Although the better practice would be to address the motion for findings by making the findings of fact as requested, or stating on the record that the judgment entry was sufficient to satisfy the requirement of findings, in the instant case, we find that the court's judgment is sufficient to comply with the requirement of findings of fact pursuant to Civ.R. 52.
Appellant also argues that the court erred in awarding attorney fees, as no itemized bill was presented to the court. At the August 22, 2001 hearing, appellee testified that since the filing of the order remanding the case for further consideration of spousal support, she had incurred approximately $2,000 in legal expenses. She further testified that she did not have the ability to pay. Tr. 124. She further filed an affidavit with the court indicating that she was charged $125 per hour by counsel, and had incurred $2,000 in legal fees.
Where the amount of an attorney's time and work is evident to the trier of fact, an award of attorney fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion. Cregerv. Creger (December 11, 1991), Lorain Appellate No. 91CA005073.
After remand, three hearings took place on the issue of cohabitation, on June 6, June 22, and August 22, 2001. Three hundred pages of transcript were produced by these three hearings. The court did not abuse its discretion in finding 16 hours of legal work reasonable to litigate the issue. Further, the findings of fact of the court demonstrate that at the time of the final divorce, appellant was earning approximately $50,000 per year, while appellee was earning approximately $13,000. The court did not abuse its discretion in finding that she was unable to adequately protect her interests in the absence of an award of attorney fees, and that appellant had the ability to pay fees.
The third assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By GWIN, J., HOFFMAN, P.J., and EDWARDS, J., concur