[Cite as *Hatem v. Hatem*, 2011-Ohio-3216.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| THERESA A. HATEM | : | JUDGES:<br>John W. Wise, P.J.<br>Julie A. Edwards, J. |
| Plaintiff-Appellant | : | Patricia A. Delaney, J. |
| -vs- | : | Case No. 10CAF090070 |
| JEFF G. HATEM | : | O P I N I O N |
| Defendant-Appellee |  |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 04-DR-A-388-7067706973 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 27, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellant

LUTHER J. MILLS
61 N. Sandusky Street
Delaware, Ohio 43015

For Defendant-Appellee

MEREDITH SNYDER
572 East Rich Street
Columbus, Ohio 43215

*Edwards, J.*

{¶1}   Appellant, Theresa A. Hatem, appeals a judgment of the Delaware County Common Pleas Court overruling her motion to recuse Magistrate Marcia Blackburn from her case.  Appellee is Jeff Hatem.

STATEMENT OF FACTS AND CASE

{¶2}   The parties were divorced in 2005.   Appellant filed a motion for reallocation of parental rights and responsibilities (which in the body of the motion was in fact a request for modification or termination of support) and a show cause motion on October 21, 2009.  Appellee filed a motion for an increase in child support on March 19, 2010, and a motion for attorney fees on June 7, 2010.  Appellant filed a motion for attorney fees on June 11, 2010.

{¶3}   The case was set for a hearing on the pending motions at 8:30 a.m. on June 16, 2010.  The morning of the hearing, Luther Mills, counsel for appellant, called the court and asked for the hearing to start at 10:00 a.m. due to a health problem he was experiencing.  The magistrate agreed to start the hearing at 9:00, but would not continue the hearing until 10:00 a.m.   The magistrate noted that she understood counsel has continuing health problems, but in the past he has sent someone from his office to take his place.

{¶4}   The hearing began at 9:00 with appellant unrepresented by counsel. During the hearing a paralegal from appellant's counsel's office brought the trial notebook to the courtroom.  A request to allow the paralegal to represent appellant was denied, as the paralegal is not licensed to practice law.   Because appellant was unrepresented, the magistrate proceeded by swearing in both parties and asking

questions of the parties herself rather than conducting a formal trial. The magistrate heard the motion for increased child support but continued the show cause motion. The parties had not reviewed the numerous fees and medical bills involved in the show cause hearing to determine what appellee had paid and what remained unpaid. The court therefore ordered the parties to exchange information about what has been paid, what has not been paid and what has been paid by insurance before the next hearing.

{¶5} The magistrate issued a decision concerning the motion to increase child support on June 16, 2010. Appellant filed objections to this decision on June 25, 2010.

{¶6} On August 3, 2010, appellant filed a motion to recuse or disqualify Magistrate Blackburn. Counsel argued in the motion that the magistrate's treatment of him has been disrespectful and abusive and has risen to the level of impermissible bias in violation the Ohio Judicial Code of Conduct Cannon 3(E).

{¶7} Attached to the motion was an affidavit of appellant in which she expressed her frustration at being forced to conduct the hearing without counsel and her feelings that the magistrate was blatantly prejudiced against her, and stated her opinion that "Magistrate Blackburn is unable to preside in any court and provide parties with a fair and impartial decision." Stacy Mills, the daughter of Luther Mills, stated by affidavit that she met Magistrate Blackburn at a social event in August of 2004, and the magistrate behaved "in an unprofessional manner by indicating that she did not like Luther Mills." The affidavit further stated that "it was obvious" that the magistrate did not

approve of Mills, believed his presence in her courtroom was an irritation and did not treat Mills with the respect due a fellow officer of the court.[1]

{¶8} In response, Magistrate Blackburn filed an affidavit stating that she has no prejudice against Attorney Mills and when given adequate notice, has continued cases due to his health condition. The affidavit stated that Attorney Mills called the court prior to the 8:30 a.m. hearing stating that he was having a bad day and would not be able to come to court until 10:00 a.m.; however, counsel for appellee was present with her client and could not wait until 10:00 a.m. because she had another hearing. The magistrate waited until 9:00 a.m. to start the hearing. Attorney Mills did not appear and had no further contact with the court by telephone, and the magistrate proceeded with the hearing.

{¶9} The trial court overruled the motion to disqualify the magistrate on August 9, 2010, finding that upon review of the transcript of the hearing, the court found no demonstration of bias or prejudice on the part of the magistrate. The court stated that any abuse of discretion in failing to continue the hearing was another issue for another day.

{¶10} Appellant assigns one error on appeal:

{¶11} "THE TRIAL COURT ERRED IN DENYING MOTHER-APPELLANT COUNSEL'S REQUEST TO HAVE MAGISTRATE BLACKBURN REMOVED FROM HEARING THE INSTANT CASE OR OTHER CASES IN WHICH THIS COUNSEL APPEARS."

---

[1] Counsel has attached his own affidavit to the brief filed in this Court. However, that affidavit bears no file stamp and was notarized on December 30, 2010, more than four months after the trial court issued a decision in this matter, and is not therefore properly before this Court on appeal.

{¶12} Civ. R. 53(D)(6) provides that disqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court. See also *In re Disqualification of Wilson* (1996), 77 Ohio St.3d 1250, 1251, 674 N.E.2d 360.

{¶13} Appellant has not demonstrated that the court abused its discretion in the instant case. The motion was filed after the hearing was complete and based primarily on the magistrate's refusal to grant a continuance due to counsel's health issues. As noted by the trial court, whether the magistrate's ruling on a continuance was improper is the subject of objections to the magistrate's decision. The transcript does not reflect bias on the part of the magistrate. The magistrate did express her concern over the fact that the parties in this case continued to come back to court repeatedly to handle every issue that arose between them and placed their teenage daughter in the middle of their problems, when their money could be better be spent on their children and a teenage girl has enough problems without being asked to testify against one of her parents. Tr. 46-47, 49. However, the transcript does not reflect that the magistrate was biased against counsel for appellant. The magistrate noted for the record that the case had been pending from October of 2009, and counsel could have arranged for someone to handle the case in his absence as he has done in the past. Because appellant was not represented, the magistrate proceeded by asking questions herself and going forward in that manner to get the information she needed to rule on the pending child support motion. Appellant was censured several times by the magistrate because she attempted to argue with counsel for appellee when counsel was attempting to talk to the court, and appellant tried to bring up issues that were not relevant to the issue pending

before the court, but the magistrate's exercise of control over the manner in which the hearing would proceed does not rise to the level of bias or prejudice against appellant or her counsel. The court did not abuse its discretion in overruling the motion to remove the magistrate.

{¶14} The assignment of error is overruled.

{¶15} The judgment of the Delaware County Common Pleas Court is affirmed.


By: Edwards, J.

Wise, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r0505

[Cite as *Hatem v. Hatem*, 2011-Ohio-3216.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THERESA A. HATEM | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFF G. HATEM | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 10CAF090070 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES