IN RE DISQUALIFICATION OF CELEBREZZE.

GRIBBLE *v.* MISCONIN, F.K.A. GRIBBLE.

**[Cite as *In re Disqualification of Celebrezze,* 135 Ohio St.3d 1218, 2012-Ohio-6304.]**

*Judges—Affidavit of disqualification—R.C. 2701.03—Request for removal denied—No basis established warranting disqualification.*

(No. 12-AP-091—Decided October 1, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. DR10 330242.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Mary E. Papcke, attorney for the defendant in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Leslie Ann Celebrezze from presiding over any further proceedings in case No. DR10 330242, which is now pending on postdecree motions relating to the allocation of parental rights in the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County. Defendant, Nicole Misconin, f.k.a. Nicole Gribble, has also filed an affidavit to disqualify Judge Celebrezze.

**{¶ 2}** Papcke alleges that Judge Celebrezze should be disqualified because she has previously recused herself from all cases in which Papcke entered an appearance as counsel, citing a "personal conflict." Misconin alleges that Judge Celebrezze and her magistrate, Patrick R. Kelly, should be disqualified because Magistrate Kelly "verbal[ly] attack[ed]" Misconin and Misconin subsequently filed a grievance against Magistrate Kelly with disciplinary counsel.

{¶ 3}   Judge Celebrezze has responded in writing to the concerns raised in the affidavits.  Judge Celebrezze admits that she previously recused herself from cases in which Papcke represented a party.  However, Judge Celebrezze further explains that the circumstances precipitating her recusal no longer exist; therefore, Judge Celebrezze "made the choice not to automatically recuse [herself] from any future cases in which [Papcke] may be counsel of record." Judge Celebrezze further asserts that an affidavit of disqualification is not the appropriate vehicle to resolve Papcke's and Misconin's issues with Magistrate Kelly.  Finally, Judge Celebrezze affirms that she harbors no bias or prejudice against Papcke or Misconin.

{¶ 4}   For the following reasons, no basis has been established to order disqualification of Judge Celebrezze.

{¶ 5}   First, neither the fact that Judge Celebrezze previously recused herself from cases in which Papcke represented a party, nor the circumstances precipitating that recusal, mandate disqualification.  According to Judge Celebrezze, when she became a judge in 2009, her husband, a physician, supervised Papcke's former domestic partner, who was also a physician.  Judge Celebrezze felt it was possible that "there might be an appearance of impropriety" if she presided over cases involving Papcke while her husband continued to supervise Papcke's former domestic partner.  Therefore, Judge Celebrezze recused herself from cases in which Papcke represented a party.  Judge Celebrezze now claims, however, that her husband has not supervised Papcke's former partner in two years, and Papcke's relationship with her former partner ended over five years ago.  Under these circumstances, Judge Celebrezze asserts, there is no longer any possibility of an appearance of impropriety.

{¶ 6}   Given Judge Celebrezze's explanation, the facts here do not warrant judicial disqualification.  "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an

objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lucci*, 117 Ohio St.3d 1242, 2006-Ohio-7230, 884 N.E.2d 1093, ¶ 8. "Generally, the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. Here, nothing in the record suggests that Judge Celebrezze has the type of close personal or professional relationship with Papcke that would cause an objective, disinterested observer to question Judge Celebrezze's ability to remain impartial. The record demonstrates only that Judge Celebrezze's spouse supervised Papcke's former domestic partner, but that supervisory relationship ended two years ago. Moreover, Papcke's relationship with her partner ended over five years ago. Without more, no reasonable, objective observer would question Judge Celebrezze's ability to remain neutral based on this attenuated link between Judge Celebrezze and Papcke.

{¶ 7} In addition, Papcke has failed to demonstrate that Judge Celebrezze's participation in this case creates an appearance of impropriety. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). Accordingly, if there are reasons why Judge Celebrezze cannot serve fairly and impartially in the case, Papcke had the burden to specifically explain those reasons. Papcke's affidavit, however, failed to set forth the nature of her conflict with Judge Celebrezze or how that conflict demonstrates bias or prejudice. Papcke's only allegation is that Judge Celebrezze should be disqualified because

she voluntarily recused herself in previous cases. But it is well established that a judge's voluntary removal from an earlier case does not, by itself, support disqualification from an unrelated case involving that same party or attorney. *In re Disqualification of Martin*, 74 Ohio St.3d 1221, 657 N.E.2d 1334 (1990) ("The voluntary recusal by a judge from an earlier case does not by itself support the judge's disqualification from another unrelated case involving the same party"). Moreover, Judge Celebrezze has described the circumstances that caused her to previously remove herself and has explained that those circumstances no longer exist. Vague or unsubstantiated allegations—such as those alleged here by Papcke—are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 8} Second, as to affiants' allegations against Magistrate Kelly, R.C. 2701.03 does not permit the chief justice to consider claims of bias or prejudice against magistrates. *In re Disqualification of Wilson*, 77 Ohio St.3d 1250, 1251, 674 N.E.2d 360 (1996); *In re Disqualification of Evans*, 127 Ohio St.3d 1213, 2009-Ohio-7204, 937 N.E.2d 1006, ¶ 6. To the extent that Papcke or Misconin seek Magistrate Kelly's disqualification, the request is denied.

{¶ 9} Third, contrary to Papcke's assertions, a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a disciplinary grievance against the judge or magistrate. *See, e.g.*, *In re Disqualification of Kilpatrick*, 47 Ohio St.3d 605, 606, 546 N.E.2d 929 (1989) ("a judge is not automatically disqualified solely because a party in a case pending before him or her has filed a complaint against the judge with Disciplinary Counsel or a similar body"). To hold otherwise would invite the filing of misconduct complaints solely to obtain a judge's disqualification, and "the orderly administration of judicial proceedings would be severely hampered and thwarted." *Id.*

{¶ 10} The statutory right to seek disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 11} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Celebrezze.

————————————