IN RE DISQUALIFICATION OF MARKUS.

SCHAFER *v.* NOLD ET AL.

[Cite as *In re Disqualification of Markus,*
145 Ohio St.3d 1201, 2015-Ohio-5612.]

(No. 15–AP–064—Decided July 24, 2015.)

O'CONNOR, C.J.

{¶ 1} Attorney Scott Kahn, president and majority shareholder of Kahn Kruse Co., L.P.A., has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Richard Markus, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned case. Kahn Kruse represents the plaintiff in the case.

{¶ 2} Kahn claims that Judge Markus has an "exceptionally contentious" litigation history with Kahn Kruse and that therefore the judge will be biased against the law firm and carry a prejudice against plaintiff. Kahn, however, sets forth only two examples. First, Kahn asserts that his law firm represented the plaintiffs in a legal-malpractice lawsuit against Judge Markus's former law firm and that during that case, Kahn aggressively deposed Judge Markus and challenged his credibility. In the second matter, Kahn asserts that Judge Markus, while serving as opposing counsel, threatened to sue Kahn unless his client dismissed the lawsuit against the judge's client. Additionally, Kahn avers that Judge Markus has previously recused himself from a case involving Kahn Kruse as counsel.

{¶ 3} Judge Markus has responded in writing to the affidavit, denying any bias against Kahn or his law firm. The judge acknowledges that in 2001, Kahn represented the plaintiffs in a legal-malpractice case against the judge's former law firm and that in 2002, Kahn deposed the judge regarding that matter. Judge Markus states that he was not a party to that case and that he was not upset by the lawsuit or the deposition. Judge Markus similarly acknowledges that from 1990 to 1996, he served as opposing counsel in a case with Kahn. The judge

concludes, however, that nothing about these two cases has caused him to disfavor Kahn or Kahn Kruse.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Markus.

{¶ 5} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Indeed, "[j]udges are presumed to be capable of putting aside old disagreements with former opposing counsel." *In re Disqualification of Burge,* 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 13 (denying a disqualification request from an assistant prosecutor who claimed that prior to a judge's election to office, he and the judge were opposing counsel in contentious, high-profile, tension-filled cases, some of which led the assistant prosecutor to file for sanctions against the then-attorney judge). Here, Kahn has failed to set forth sufficiently compelling evidence to overcome Judge Markus's presumption of impartiality. Nothing about Kahn's affidavit would lead a reasonable person to conclude that Judge Markus has developed such a strong personal bias against Kahn Kruse—based on two cases, occurring between 13 and 25 years ago—that the judge would be unable to preside fairly over the underlying matter.

{¶ 6} Additionally, that Judge Markus may have previously recused himself from a case involving Kahn Kruse does not necessarily warrant his removal here. *See In re Disqualification of Celebrezze,* 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 7 ("a judge's voluntary removal from an earlier case does not, by itself, support disqualification from an unrelated case involving that same party or attorney"). Judge Markus avers that the events from these two long-past cases will have no significance in the underlying matter and that he will decide the matter based on the law and evidence. Although "a judge's subjective belief as to his or her own impartiality is generally not the decisive factor in deciding a disqualification request, the judge's own assessment is certainly entitled to some weight." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 11. Here, Judge Markus's response reinforces the conclusion that disqualification is not warranted in this case.

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Markus.