IN RE DISQUALIFICATION OF VONALLMAN.

THE STATE OF OHIO *v.* TRIPODI.

2016-Ohio-8589.]

(No. 16–AP–085—Decided November 2, 2016.)

O'CONNOR, C.J.

{¶ 1} Defendant, Julie Tripodi, has filed an affidavit with the clerk of this court under R.C. 2701.03 and 2701.031 seeking to disqualify Judge Nanette DeGarmo VonAllman from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} Ms. Tripodi claims that for various reasons, she will not receive a fair trial before Judge VonAllman. Judge VonAllman has responded in writing to the affidavit, denying any bias and requesting its dismissal.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge VonAllman.

{¶ 4} First, Ms. Tripodi claims that she had a prior case before Judge VonAllman and that because the judge was unfair to her in that proceeding, she filed a disciplinary grievance against the judge. Judge VonAllman acknowledges that while she served as a magistrate, she presided over a case involving Ms. Tripodi and that as a result of that case, Ms. Tripodi filed a grievance. However, Judge VonAllman further states that her decision as magistrate was approved by the judge who presided over the matter, without objections or an appeal. Further, Judge VonAllman notes that disciplinary counsel took no action on Ms. Tripodi's grievance. It is well settled that absent a showing of actual bias, "a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties." *In re Disqualification of Bryant,* 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 4. Further, "a judge will not be disqualified solely because a litigant in a case pending before the judge has filed a disciplinary grievance against the judge." *In re Disqualification of Celebrezze,* 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 9. "To hold otherwise would invite the filing of misconduct complaints solely to obtain a judge's

disqualification * * *." *Id.* Accordingly, these allegations do not support the judge's removal.

{¶ 5} Second, Ms. Tripodi claims that since the prior case, Judge VonAllman has recused herself from other cases involving Ms. Tripodi. Judge VonAllman acknowledges that in 2012, she recused herself from two cases involving Ms. Tripodi because at that time, Ms. Tripodi was associated with a nonprofit agency at which defendants in the municipal court could complete their community-service hours. However, Judge VonAllman further states that Ms. Tripodi's nonprofit agency is no longer a community-service location and that therefore, it would no longer be a conflict of interest for the judge to preside over a case involving her. "[A] judge's voluntary removal from an earlier case does not, by itself, support disqualification from an unrelated case involving that same party or attorney." *Celebrezze* at ¶ 7. Here, Judge VonAllman has adequately described the circumstances that caused her to previously recuse herself and has explained that those circumstances no longer exist. This allegation does not mandate disqualification.

{¶ 6} Third, Ms. Tripodi claims that Judge VonAllman recently terminated Ms. Tripodi's nonprofit agency as a location for defendants' community-service hours and that she fears that the judge's unfounded lack of trustworthiness toward the agency will influence the outcome of the underlying criminal matter. In response, Judge VonAllman explained that because the agency had appeared to verify that defendants had worked hours that they had not actually worked, she decided that her court would no longer accept service hours from the agency. The judge believes that her decision was a necessary and proper exercise of her duties as the sole and administrative judge of the municipal court. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Here, Ms. Tripodi has not sufficiently demonstrated that Judge VonAllman's decision regarding the nonprofit agency will affect the underlying case, and therefore the judge's presumption of impartiality has not been overcome.

{¶ 7} Finally, Ms. Tripodi claims that Judge VonAllman made statements to the media about the underlying case that showed she has "preconceived * * * opinions." Judge VonAllman acknowledges that a newspaper printed statements from the judge about the underlying case, but the judge further explains that those statements were made in court with Ms. Tripodi and her counsel present. The judge denies any individual or improper contact with a newspaper reporter. Given Judge VonAllman's response, Ms. Tripodi has not demonstrated that the judge's in-court statements—as reprinted in the newspaper—are grounds for disqualification.

{¶ 8} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge VonAllman.