O'Connor, C.J.
*1264 {¶ 1} Sallynda Rothchild Dennison has filed affidavits with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Chris Brown from the three above-referenced cases and all other cases in which she appears as counsel of record.
{¶ 2} Ms. Dennison avers that Judge Brown is personally biased against her based on a 2009 case in which they were opposing counsel. Specifically, Ms. Dennison claims that while Judge Brown was serving as an assistant prosecutor, she appeared as defense counsel in a "hotly contested" matter. During that proceeding, then prosecutor Brown stated that he was personally insulted by Ms. Dennison's legal arguments, and she later accused him of prosecutorial misconduct. Ms. Dennison believes that since completion of that case, the judge has "held a grudge" against her. And she claims that after Judge Brown took office, *1265 he unfairly accused her of lying to other judges and was rude and dismissive toward her at a hearing.
{¶ 3} Judge Brown has responded in writing to the affidavits and believes that they lack merit. The judge acknowledges that he litigated a hotly contested case against Ms. Dennison, but he claims that he "set that aside * * * immediately after the trial concluded." The judge further explains the recent circumstances that led him to question Ms. Dennison's veracity, and he notes that he later apologized to her for the confusion and misunderstanding. The judge also denies acting dismissively toward Ms. Dennison at a recent hearing, and he submitted a hearing transcript to support his position. Finally, the judge states that he has no issues with Ms. Dennison and respects her professional abilities.
{¶ 4} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Indeed, "[j]udges are presumed to be capable of putting aside old disagreements with former opposing counsel." In re Disqualification of Burge , 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 13 (denying a disqualification request from an assistant prosecutor who claimed that prior to a judge's election to office, he and the judge were opposing counsel in contentious, high-profile, tension-filled cases, some of *382 which led the assistant prosecutor to move for sanctions against the then-attorney judge); In re Disqualification of Markus , 145 Ohio St.3d 1201, 2015-Ohio-5612, 47 N.E.3d 153, ¶ 2 (denying a disqualification request from an attorney who claimed that his law firm had an "exceptionally contentious" litigation history with the judge).
{¶ 5} Here, Ms. Dennison has failed to set forth sufficiently compelling evidence to overcome the presumption that Judge Brown will be fair and impartial. Judge Brown states that he has set aside the unpleasantness of the 2009 case, and Ms. Dennison has not established that the tension in that matter was so great that no reasonable judge could be expected to remain unaffected. Judge Brown has also explained the nature of the more recent misunderstanding-which was not of his own making-that led him to question Ms. Dennison's veracity. The judge's response to the affidavits reinforces the conclusion that he does not have a personal bias against Ms. Dennison, and therefore, she is not entitled to a blanket order of disqualification. See In re Disqualification of Hoover , 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634, ¶ 8 (disqualifying a judge from all of an attorney's cases when the judge held a fixed and longstanding resentment toward the attorney, which would have caused a reasonable and objective observer to question whether the judge could sit fairly and impartially on cases involving that attorney).
*1266 {¶ 6} The affidavits of disqualification are denied. The cases may proceed before Judge Brown.