[Cite as *Lindsey v. Lindsey*, 2020-Ohio-3567.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTINE LINDSEY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-G-0250** |
| DANIEL LINDSEY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2016 DC 000693.

Judgment: Appeal dismissed.

*R. Russell Kubyn,* Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, Ohio 44060, and *Pamela D. Kurt*, Kurt Law, LLC, 401 South Street, 2-B, Chardon, Ohio 44024 (For Plaintiff-Appellant).

*Carol. A. Szczepanik,* Law Office of Carol A. Szcaepanik, LLC, P.O. Box 214, 10808 Kinsman Road, Newbury, Ohio 44065. (For Defendant-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Christine Lindsey, appeals from the judgment of the Geauga County Court of Common Pleas denying her motion to remove Magistrate Sarah Heffter. Ms. Lindsey premised her motion upon an alleged conflict of interest between Magistrate Heffter and her co-counsel, Attorney Pamela Kurt, who Ms. Lindsey retained two days prior to a hearing before the magistrate. For the reasons discussed in this opinion, we

conclude the judgment at issue is not a final, appealable order and the appeal of that judgment is therefore dismissed.

**Statement of Relevant Facts and Procedural History**

{¶2}    Ms. Lindsey and appellee, Daniel Lindsey, were divorced in March 2019. The trial court's adoption of Mr. Lindsey's shared-parenting plan was appealed to this court by appellant and appellee filed a cross-appeal on a separate issue.  In *Lindsey v. Lindsey*, 11th Dist. Geauga No. 2019-G-0208, 2019-Ohio-4920, this court affirmed the trial court's judgment.

{¶3}    In March 2020, Mr. Lindsey filed an emergency motion to show cause and for attorney fees and litigation expenses.  A show-cause hearing was set for April 15, 2020.  On April 13, 2020, Attorney Kurt filed a notice of appearance as co-counsel for Ms. Lindsey.  At the commencement of the show-cause hearing, Ms. Lindsey's attorney, R. Russell Kubyn, Esq., orally moved to remove Magistrate Heffter due to a potential conflict of interest.  Attorney Kubyn asserted Attorney Kurt had purchased Magistrate Heffter's law practice upon her acceptance of the position of magistrate on the Geauga County Court of Common Pleas.  Apparently, Attorney Kubyn's position was premised upon arguable bias based upon co-counsel's alleged conflict relating to collection of fees and/or debts of the magistrate's former law firm.  The issue was briefed and the trial court denied the motion, concluding "[t]here is no indication in [appellant's] response that the Magistate plays any role whatsoever in Kurt's collection efforts and receipt of funds."  Ms. Lindsey now appeals.

## Applicability of R.C. 2701.03

{¶1}   Mr. Lindsey cites R.C. 2701.03(A) for the proposition that, to disqualify the magistrate, Ms. Lindsey was required to file an affidavit of disqualification with the clerk of the Supreme Court of Ohio.  In support he cites this court's ruling in *Aloi v. Enervest*, 11th Dist. Portage No. 2011-P-0023, 2011-Ohio-5112.  While *Aloi* was dismissed for want of jurisdiction partially on the grounds that the appealing party did not comport with the procedures of R.C. 2701.03(A), that party's motion sought to disqualify *both* the magistrate and judge of the court of common pleas.  This matter presents different procedural facts; Ms. Lindsey sought to disqualify only the magistrate.   "R.C. 2701.03 does not permit the Chief Justice to rule on allegations of bias or prejudice made against magistrates." *In re Disqualification of* Wilson, 77 Ohio St.3d 1250, 1251 (1996).  Rather, "the removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court." *Id.*, citing *In re Disqualification of Light*, 36 Ohio St.3d 604 (1988).  Ms. Lindsey moved the trial judge to remove Magistrate Heffter and therefore utilized the proper procedural vehicle.

## Appellate Jurisdiction

{¶2}   It is well settled that an appellate court does not have jurisdiction to review a lower court's order that is not final.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96.  For a judgment to be final and appealable it must satisfy the requirements of R.C. 2505.02. *See Children's Hospital med. Ctr. v. Tomalko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838.

{¶3}   Ms. Lindsey claims this matter is a final, appealable order pursuant to R.C. 2505.02(B)(2), which provides an order is final and appealable "if it affects a substantial right made in a special proceeding."  A "[s]pecial proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."  R.C. 2505.02(A)(2).

{¶4}   Ms. Lindsey correctly points out that divorce is a special statutory proceeding under R.C. 2505.02(B)(2) because "[t]here was no common-law right to divorce.  Divorce is purely a matter of statute." *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994).  Although the underlying proceedings in this case involved a show-cause hearing, the contempt matter was related to visitation matters, which are inherently connected to the original divorce proceeding.  Hence, we conclude the hearing at which the objection occurred necessitating the underlying judgment was a special proceeding. *Id.* (Divorce and ancillary custody proceedings are special proceedings.)

{¶5}   A substantial right is one that "the United States Constitution, the Ohio Constitution, a statue, the common law, or a rule of procedure entitles a person to enforce or protect."  R.C. 2505.02(A)(1).  Ms. Lindsey claims her substantial rights were affected because she is constitutionally entitled to have her case adjudicated by an unbiased magistrate.  While we agree that Ms. Lindsey is entitled to have a fair and unbiased magistrate and/or judge to preside over the show-cause proceeding, this does not imply the issue of removal requires immediate appellate attention.

{¶6}   A substantial right is affected "for purposes of R.C. 2505.02(B)(2) *only if* 'in the absence of immediate review of the order [Ms. Lindsey] will be denied effective relief in the future.'" (Emphasis added.) *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-

Ohio-2417, ¶10, quoting *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63 (1993). If Mr. Lindsey prevails in the contempt proceedings, Ms. Lindsey may appeal that order as well as the denial of the motion to remove Magistrate Heffter. There is nothing that would prevent Ms. Lindsey from challenging that interlocutory order upon resolution of the contempt matter.

{¶7} Accordingly, we hold the Geauga County Court of Common Pleas' denial of her motion to remove Magistrate Heffter does not affect a substantial right and thus, that order is not final and appealable. The appeal must be dismissed and Ms. Lindsey's pending motion to stay and waive bond is overruled as moot.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.