IN RE DISQUALIFICATION OF MURPHY.

DAVILA *v.* ORIANA HOUSE, INC.

[Cite as *In re Disqualification of Murphy,*
110 Ohio St.3d 1206, 2005-Ohio-7148.]

(No. 05–AP–026—Decided April 8, 2005.)

---

MOYER, C.J.

{¶ 1} Plaintiff Edwin Davila has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge James Murphy from acting on any further proceedings in case No. CV–2004–10–5750 in the Court of Common Pleas of Summit County.

{¶ 2} Davila states that Judge Murphy is a member of the Summit County Judicial Corrections Board and that the board provides funding for or does business with the defendant, Oriana House. That latter entity is evidently a private agency in Summit County that provides residential community corrections programs. According to the affiant, the judge's role on the local corrections

board will impede his ability to preside fairly and impartially over a case in which Oriana House is named as a party.

{¶ 3} Judge Murphy has responded to the affidavit. He acknowledges that he does serve on the Judicial Corrections Board in Summit County and notes that the board oversees the operation of a community-based correctional facility ("CBCF") there. The defendant, Oriana House, manages the CBCF, according to the judge.

{¶ 4} This case illustrates the problems that can arise when judges exercise responsibilities more suited to the executive branch of government. As the Board of Commissioners on Grievances and Discipline ("BCGD") has explained, common pleas judges who serve on judicial corrections boards—as R.C. 2301.51(A)(1) now allows—must enter into contracts for buildings, goods, and services and must exercise various other administrative and managerial responsibilities at CBCFs. R.C. 2301.55(A). See BCGD Op. No. 2003-9, advising that common pleas judges should not serve on judicial correction boards. Proper performance of those duties requires judges to hire and terminate employees, choose vendors and oversee the delivery of goods and services, and work with various private and public sector entities to ensure the safe and efficient operation of one or more local CBCFs. In short, judges who serve on judicial corrections boards are responsible for the operation of correctional facilities and programs, and those judges must make financial and employment decisions that fall well outside traditional judicial duties.

{¶ 5} As Judge Murphy acknowledges, he and his colleagues on the local corrections board in Summit County have selected Oriana House to manage the CBCF there. The judges presumably have an interest in seeing Oriana House succeed in the work that it has been designated by them to perform. And the judges might look with disfavor on any financial or public-relations setbacks suffered by Oriana House, given that those setbacks might adversely affect Oriana's ability to deliver the services and might ultimately call into question the wisdom of the judges' decision to contract with Oriana in the first place or to continue doing so. That business relationship between the judges and the defendant creates—or at least appears to create—an incentive for the judges to absolve the defendant of any wrongdoing.

{¶ 6} A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality. See Canon 3(E)(1) of the Code of Judicial Conduct ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned"); BCGD Op. No.2003-9 ("A judge's participation on a judicial corrections board casts doubt upon the judge's impartiality and in so doing demeans the judicial office"). Preservation of public confidence in the integrity of

the judicial system is vitally important, and judicial decisions must be rendered in a manner that does not create a perception of partiality. An appearance of bias can be just as damaging to public confidence as actual bias.

{¶ 7} Although I have no reason to question Judge Murphy's ability to be impartial in this matter, the potential conflict between the judge's administrative duties on the board and his judicial duties on the bench might well cause a reasonable and objective observer to question the judge's impartiality. As this court said more than seven decades ago, "[i]t is of vital importance that the litigant should believe that he will have a fair trial." *State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586, 587, 176 N.E. 454. Because the plaintiff in this case has called into question the fairness of the judge's dual roles, and because a reasonable and objective observer might well share those concerns, I conclude that the affidavit of disqualification should be granted.

{¶ 8} Moreover, because all of the general division judges in Summit County serve on the same judicial corrections board, I will appoint (by separate entry) a judge not affiliated with that board to preside over all further trial proceedings in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is granted.