IN RE DISQUALIFICATION OF SAFFOLD.

THE STATE OF OHIO *v.* SOWELL.

[Cite as *In re Disqualification of Saffold,* 134 Ohio St.3d 1204,

2010-Ohio-6723.]

*Judges—Affidavit of disqualification—Disqualification ordered.*

(No. 10-AP-036—Decided April 22, 2010.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common

Pleas, Case No. CR-530885.

_____

**PFEIFER, ACTING C.J.**

**{¶ 1}** The defendant in the underlying case, Anthony E. Sowell, has been charged with the aggravated murders of 11 women in an 85-count indictment. Sowell faces the possible imposition of the death penalty, and the case has drawn extensive media coverage.

**{¶ 2}** The issue in this affidavit-of-disqualification proceeding is whether the trial judge presiding over Sowell's case, Judge Shirley Strickland Saffold, should be disqualified from further proceedings based on an appearance of impropriety. During his lengthy tenure on the Cuyahoga County Court of Common Pleas and the Eighth District Court of Appeals, the venerable Judge John V. Corrigan frequently shared the following advice with his judicial colleagues: When the case becomes about the judge rather than the facts of the case and the law, it is time for the judge to step aside. For the reasons that follow, I conclude that Judge Saffold should be removed from the underlying case to avoid any appearance of impropriety.

**{¶ 3}** John P. Parker and Rufus Sims, co-counsel for defendant, have filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the

disqualification of Judge Saffold from acting on any further proceedings in Sowell's case, No. CR-530885. Affiants allege that Judge Saffold should be disqualified to avoid the appearance of impropriety and to ensure the public's confidence in the integrity of the judicial system. They assert three grounds for disqualifying Judge Saffold. First, affiants allege that Judge Saffold has engaged in improper ex parte communications with Judge Timothy McGinty, a reporter for the Cleveland Plain Dealer, and the reporter's attorney. Second, they allege that the judge's personal and office e-mail accounts were the sources of a newspaper article published in the Plain Dealer on March 26, 2010. According to affiants, someone using the moniker "lawmiss" posted derogatory comments on the Plain Dealer's website about attorney Sims and defendant Sowell. Third, affiants allege that the judge has a financial interest in the underlying case because the judge and her daughter have sued the Plain Dealer over the disclosure of the judge's e-mail account as the alleged sources for the March 26 article.

{¶ 4} Judge Saffold has promptly responded in writing to the concerns raised in the affidavit of disqualification. The judge has offered a detailed account of her handling of the underlying case, and she expressly denies harboring any bias or prejudice against any party or counsel. As to the specific allegations against her, she denies engaging in any improper ex parte communications with Judge McGinty or the Plain Dealer. She also denies that her court computer was used to make any online comments as alleged by affiants. Although Judge Saffold does not dispute that comments about attorney Sims and the defendant were linked to the judge's personal online account, she maintains that she did not post those comments and that they do not reflect her views. The judge states that her adult daughter, who shares the online account in question, has admitted to posting the comments. The judge contends that no appearance of impropriety exists in this case because she did not make any of the online comments. In regard to the allegation that she has a financial interest in the

defendant's case based on her civil suit against the Plain Dealer, Judge Saffold avers that her civil case has nothing to do with the defendant, his counsel, or any of the issues being litigated in the underlying capital case. After careful review of the affidavit and the judge's response, I conclude that the affiants have met their burden of establishing that an appearance of bias or prejudice exists in this case.

{¶ 5} Of primary concern here is the affiants' allegation that Judge Saffold's personal e-mail or online account was used to post public comments critical of attorney Sims and defendant Sowell. Although Judge Saffold denies that she was the source of these online comments, she has admitted that the comments originated from the online account shared by her and members of her family and that the comments were posted by her daughter. I find that these unfortunate postings have created a situation that "poses an impediment to the judge's ability to resolve any remaining legal and factual issues in a way that will appear to the parties and the public to be objective and fair." *In re Disqualification of Squire*, 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 10. Although this record does not cause me to question Judge Saffold's ability to be fair and impartial in the underlying matter, the nature of these comments and their widespread dissemination might well cause a reasonable and objective observer to harbor serious doubts about the judge's impartiality. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge based on an appearance of impropriety).

{¶ 6} Judge Saffold has steadfastly denied making any of the comments at issue, and there is no evidence before me that suggests otherwise. Nevertheless, even in cases when no evidence of actual bias or prejudice is apparent, disqualification is appropriate when the public's confidence in the integrity of the judicial system is at stake. *See In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720; *see also In re*

*Disqualification of Murphy*, 110 Ohio St.3d 1206, 2005-Ohio-7148, 850 N.E.2d 712, ¶ 6 ("Preservation of public confidence in the integrity of the judicial system is vitally important, and judicial decisions must be rendered in a manner that does not create a perception of partiality. An appearance of bias can be just as damaging to public confidence as actual bias").

{¶ 7} It is also "of vital importance that the litigant should believe that he will have a fair trial." *State ex rel. Turner v. Marshall*, 123 Ohio St. 586, 587, 176 N.E. 454 (1931). In this case, it seems fair to say that defense counsel and their client no longer hold that belief. An objective observer who has read the online postings might reasonably question why comments about a defendant and defense counsel appearing before the judge were posted on the judge's personal online account, even if the judge did not make the comments herself.

{¶ 8} As to the remaining allegations in the affidavit of disqualification, based on the record before me, I find that affiants have not met their burden of proving the existence of bias, prejudice, or other disqualifying interest as to these other claims. Specifically, affiants have not offered sufficient probative evidence that Judge Saffold engaged in any improper ex parte communications concerning the underlying capital case. In regard to affiants' claim that Judge McGinty's personal note to Judge Saffold constitutes an improper ex parte communication, Judge Saffold has offered to produce the note for an in camera inspection. I see no reason for such an inspection here. Moreover, I agree that personal notes between judicial colleagues should not be subject to scrutiny. Finally, I see nothing that indicates that Judge Saffold has any financial stake in the issues pending before her stemming from her civil suit against the Plain Dealer.

Conclusion

{¶ 9} The record before me does not support a finding of actual bias or prejudice on Judge Saffold's part. Nevertheless, her removal is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the

parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd,* 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10. Therefore, to allay any concerns regarding the fairness and integrity of the proceedings, it is ordered that Judge Saffold participate no further in the underlying case. The case is returned to the Cuyahoga County Common Pleas Court for reassignment to another judge of that court.

_____