IN RE DISQUALIFICATION OF CRAWFORD.

IN RE HELFRICH.

[Cite as *In re Disqualification of Crawford,* 135 Ohio St.3d 1280,

2013-Ohio-1410.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's request to prosecuting attorney to investigate party's allegations not grounds for disqualification—Judge's questioning of party's credibility at pretrial conference does not per se require disqualification—Sanctions for abuse of disqualification process not imposed when record does not establish that affidavit was frivolous—Affidavit denied.*

(No. 13-AP-010—Decided February 13, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Licking County Court of Common Pleas Case No. 2011-MD-0006.

_____

**O'CONNOR, C.J.**

**{¶ 1}** James Helfrich, the alleged contemnor in the underlying criminal-contempt proceeding, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Dale A. Crawford, a retired judge sitting by assignment, from presiding over the contempt hearing in case No. 2011-MD-0006 in the Court of Common Pleas of Licking County.

**{¶ 2}** Helfrich alleges that Judge Crawford's conduct at a January 15, 2013 pretrial conference demonstrates bias and prejudice against Helfrich and that because of this conduct, Judge Crawford's impartiality at the upcoming hearing might reasonably be questioned. Specifically, in December 2012, Helfrich filed a motion indicating that some of the attorneys he contacted to represent him against the contempt charges would not do so because Judge Crawford was the assigned

judge. The motion, according to Helfrich, embarrassed Judge Crawford, and at the pretrial conference, Judge Crawford allegedly "belittled Helfrich's credibility and condemned" him for his assertions in the motion. According to Helfrich, Judge Crawford also "went so far as to order" the prosecuting attorney to contact the attorneys named in Helfrich's motion. The prosecutor later sent letters to several of the attorneys explaining the matter and sought an affidavit or statement from each in response to Helfrich's allegations. To support his affidavit of disqualification, Helfrich has submitted an audio transcript of the conference.

{¶ 3} Judge Crawford has responded in writing to the allegations in Helfrich's affidavit, asserting that he has no animosity toward Helfrich and no preconceived notions regarding the validity of the contempt charges. Judge Crawford acknowledges that he requested the prosecutor to "look into Mr. Helfrich's claims." According to Judge Crawford, he is familiar with one of the attorneys mentioned in Helfrich's motion and "did not believe Mr. Helfrich was being totally candid" with the court. In addition, Judge Crawford requested the prosecutor to look into Helfrich's allegations because he was concerned that "Mr. Helfrich would subsequently make a claim that [the judge] was denying him of his right to counsel."

{¶ 4} Licking County Prosecutor Kenneth W. Oswalt has also filed a response to Helfrich's affidavit, arguing that Helfrich's claims are meritless and that Judge Crawford has exhibited a "tremendous degree of patience" with Helfrich.[1] In addition, Oswalt now moves for the imposition of sanctions against

---

1. On February 11 and 12, 2013, Helfrich filed replies to Judge Crawford's and Oswalt's responses to Helfrich's affidavit. R.C. 2701.03, however, requires that a party or counsel seeking to disqualify a judge in a pending action must file an *affidavit*. *See* R.C. 2701.03(B)(2) (requiring that the affidavit contain the "jurat of a notary public or another person authorized to administer oaths or affirmations"); *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992) (by definition, an affidavit must be confirmed by oath or affirmation of the party making it and must be taken before a person having authority to administer the oath or affirmation). Helfrich's failure to confirm the statements in these additional reply documents "by oath or

Helfrich for abusing the disqualification process and for a declaration that Helfrich is a vexatious litigator pursuant to this court's practice rules.[2]

{¶ 5} For the following reasons, no basis has been established to order the disqualification of Judge Crawford.

{¶ 6} First, the transcript of the pretrial conference does not reveal any bias or prejudice on Judge Crawford's part that would require his disqualification. To be sure, if a judge's words or actions convey the impression that the judge has developed a "hostile feeling or spirit of ill will" or reached a "fixed anticipatory judgment" that will prevent the judge from presiding over the case with "an open state of mind * * * governed by the law and the facts," *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956), then the judge should not remain on the case. Here, Judge Crawford questioned the legitimacy of Helfrich's claims regarding why he could not obtain counsel. The transcript does not indicate that Judge Crawford "belittled" or "condemned" Helfrich; nor does the transcript demonstrate that Judge Crawford has developed hostility or ill will toward him.

{¶ 7} Second, Judge Crawford's request to the prosecutor has not created an appearance of impropriety and therefore does not warrant disqualification. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Contrary to Helfrich's affidavit, no

---

affirmation" violates R.C. 2701.03. Accordingly, each document is a nullity and has no effect on the proceedings. *Id.*

2. The Rules of Practice of the Supreme Court of Ohio were recently reorganized and renumbered. Effective January 1, 2013, the rule relating to frivolous actions and vexatious litigators is S.Ct.Prac.R. 4.03.

reasonable and informed observer would question Judge Crawford's impartiality under the circumstances here. Judge Crawford requested the prosecutor to look into Helfrich's claims because the judge believed that Helfrich was not being candid with the court and because he was concerned that Helfrich would later claim that he was denied his right to counsel. Nothing about the judge's request to the prosecutor, or his later explanation of that request, indicates that Judge Crawford was motivated by public embarrassment at Helfrich's claims or a personal prejudice or bias against Helfrich. Indeed, the judge affirms in his response that he has "no animosity" toward Helfrich, and there is no suggestion in the record that Judge Crawford has become so "personally embroiled" with Helfrich as to make the judge unfit to sit in judgment on the contempt charges. *See Mayberry v. Pennsylvania*, 400 U.S. 455, 465, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971); *compare In re Disqualification of Saffold*, 134 Ohio St.3d 1204, 2010-Ohio-6723, 981 N.E.2d 869, ¶ 2 ("When the case becomes about the judge rather than the facts of the case and the law, it is time for the judge to step aside").

{¶ 8} Similarly, the fact that Judge Crawford questioned Helfrich's credibility at the pretrial conference does not create an appearance of impropriety. The formation of a conditional opinion about a party's credibility is common during preliminary proceedings. However, the formation of such a conditional opinion is not sufficient to counter the presumption of the judge's ability to render a fair decision based on the law and facts later presented at the hearing. *See In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993). Here, Judge Crawford has affirmed that he has no "preconceived notions" regarding the validity of the contempt charges, and in the absence of any evidence to the contrary, the presumption of impartiality has not been overcome.

{¶ 9} Finally, because the record does not conclusively establish that Helfrich's affidavit was frivolous, Oswalt's motions for the imposition of sanctions and to declare Helfrich a vexatious litigator under S.Ct.Prac.R. 4.03 are

denied. However, given Helfrich's history of abusing the statutory affidavit-of-disqualification process in other cases (*see* case Nos. 07-AP-088, 08-AP-134, 11-AP-140, and 12-AP-019), he is again warned that the filing of any further frivolous, unsubstantiated, or repeated affidavits of disqualification will result in an imposition of appropriate sanctions.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Crawford.

_____