IN RE DISQUALIFICATION OF SHEWARD.

TODD ET AL. *v.* AXELROD ET AL.

[Cite as *In re Disqualification of Sheward,* 136 Ohio St.3d 1256,

2013-Ohio-3643.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's remarks at show-*
*cause hearing, viewed objectively, conveyed appearance of bias or*
*prejudice—Affidavit granted.*

(No. 13-AP-035—Decided June 17, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas

Case No. 12CVH-011845.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Plaintiff William M. Todd has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Richard S. Sheward from presiding over any further proceedings in case No. 12CVH-011845, now pending in the Court of Common Pleas of Franklin County on a motion to hold Todd in contempt of court.

**{¶ 2}** Todd claims that Judge Sheward is biased and prejudiced against him. Specifically, Todd claims that Judge Sheward held a show-cause hearing "solely to harass" Todd and claims that at that hearing, the judge threatened to jail Todd's counsel for attempting to clarify whether the hearing was for civil contempt or criminal contempt. According to Todd, he has "never encountered a judge at any level who has been so openly and obviously hostile to a lawyer or a party" in his over 36 years of practicing law in Ohio. Todd's counsel, David Bloomfield, has also filed an affidavit supporting disqualification. Bloomfield avers that a reasonable person would "firmly conclude" that Judge Sheward has

personal biases against Todd and that those biases will continue to prejudice Todd in proceedings before the judge.

{¶ 3} Judge Sheward has responded to the allegations in Todd's affidavit, denying any bias against Todd and stating that Todd's accusations are not supported by the underlying case record.

{¶ 4} As explained more fully below, Todd's affidavit is well taken. Judge Sheward is disqualified from the underlying case in order to "avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10.

## Background

{¶ 5} Todd filed the underlying action against his former law-firm partners, pursuant to R.C. 1776.63, for judicial supervision over the partnership's dissolution. After months of negotiations, the parties appeared to reach a settlement agreement; however, Todd claims that the agreement was never finalized. Todd states that after he became concerned about Judge Sheward's handling of the case, he mentioned to his former law partners that he was considering filing a voluntary-bankruptcy petition on behalf of the partnership as its dissolution partner. Defendant Brian Laliberte then filed a motion for a temporary restraining order to prevent Todd from filing the bankruptcy petition, arguing that the action would violate the parties' settlement agreement. Judge Sheward issued the temporary restraining order, which removed Todd as dissolution partner, prohibited him from taking certain actions, and required him to immediately turn over firm records to the new dissolution partner. Todd thereafter filed an involuntary-bankruptcy petition against the partnership on behalf of himself and others as creditors of the partnership. In response, Laliberte filed a motion to hold Todd in contempt for violating the temporary restraining

2

order—not only because Todd filed the bankruptcy petition but also because he allegedly did not turn over the firm's records, as commanded by the judge's order.

**{¶ 6}** Judge Sheward held a show-cause hearing on April 12, 2013. Bloomfield claims that at the start of the hearing, the judge precluded him from attempting to clarify whether the hearing was for criminal or civil contempt. The transcript reads:

> MR. BLOOMFIELD: Your Honor, before Mr. Laliberte begins, just so the record is clear here and understanding that you're apparently hearing the contempt hearing at this point, are you, Your Honor—
>
> THE COURT: Mr. Bloomfield—
>
> MR. BLOOMFIELD: Yes.
>
> THE COURT: —sit down.
>
> MR. BLOOMFIELD: Yes, Your Honor. Are you asking—
>
> THE COURT: I said, "sit down." You stand up with a lot of assumptions. Okay? So sit down until you have something besides an assumption.
>
> Now, as I was about to say before I was so rudely interrupted, do you have anything, Mr. Laliberte, to add?

**{¶ 7}** Later in the hearing, when Todd's argument time began, the following exchange occurred:

> MR. BLOOMFIELD: I am still—and Your Honor asks and I asked a fundamental question here and I guess I still would

like to know, is this a criminal or a civil contempt proceeding at this moment?

THE COURT:  Well, Mr. Bloomfield, you know, it is like when you have a witness on the witness stand.  I ask the questions and you answer them.  Okay?

MR. BLOOMFIELD:  As a matter of—

THE COURT:  Now just a minute, just a minute.  Listen. We are having a hearing.  The reason we are having a hearing is so I can decide what needs to be done, and so I am giving you the opportunity to talk about that.  And that does not include, nor do I appreciate, nor am I going to submit to your barrage of questions at me as to why I have jurisdiction.  Now, if you don't think I have jurisdiction, I've got a couple of deputies back there and we will put you in a cell and then we will explain it to you.  Is that what you want to do, David?

{¶ 8}  After both parties presented legal arguments, Judge Sheward decided to continue the hearing until a future date, but not without first expressing several of his thoughts about Todd.  Judge Sheward remarked that Todd saw the dissolution proceeding as "an action whereby he can profit from the other two" partners, that Todd was using the law as a "sword" and not a "shield," that Todd's motives had been called into question, that Todd might not have complied with his duties of loyalty and care to the other partners, that Todd seemed to have the attitude that "he knows everything and no one else knows anything, especially the Court," and that Todd's bankruptcy petition appeared to be a way to "circumvent the law, avoid the law, disobey the law in every conceivable way that he can manufacture."  Judge Sheward eventually clarified that when the hearing resumed, Todd was to be prepared to defend civil-contempt charges and to

4

"address specifically [Todd's] claimed, 'lame,' if you will, excuse for not understanding" the temporary restraining order, "Todd's failure * * * of not turning over all and every record of this partnership," and the "box of junk" that Todd did turn over.

{¶ 9} Todd filed his affidavit of disqualification before resumption of the show-cause hearing.

**Analysis**

{¶ 10} As an initial matter, it is important to recognize that none of Judge Sheward's legal decisions are grounds for his disqualification. Much of Todd's affidavit is devoted to criticizing Judge Sheward's temporary restraining order and other decisions. It is well settled, however, that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Indeed, a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The underlying case has created several complicated factual and legal issues, such as whether the parties entered a settlement agreement, whether Todd violated that alleged agreement or the temporary restraining order, and whether the trial court has authority to continue hearing matters after the filing of Todd's involuntary-bankruptcy petition. To the extent that Todd's affidavit of disqualification complains about the judge's decisions on these issues, his remedy lies on appeal or through other courts, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 11} Instead, Judge Sheward is being removed because of his comments and conduct at the show-cause hearing. As explained in previous affidavit-of-disqualification proceedings under R.C. 2701.03, if a judge's words or actions

convey the impression that the judge has developed a " 'hostile feeling or spirit of ill will,' " or if the judge has reached a " 'fixed anticipatory judgment' " that will prevent the judge from hearing the case with " 'an open state of mind * * * governed by the law and the facts,' " then the judge should not remain on the case. *In re Disqualification of Hoover*, 113 Ohio St.3d 1233, 2006-Ohio-7234, 863 N.E.2d 634, ¶ 7, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956) (setting forth the definition of bias and prejudice). And "[t]he proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8.

{¶ 12} Judges may express frustration toward attorneys and parties in their courtrooms, especially when a party may have violated a court order. But a judge, "notwithstanding the conduct of litigants or counsel, has an ethical obligation to conduct himself or herself in a courteous and dignified manner that does not convey the appearance of bias or prejudice toward litigants or their attorneys." *In re Disqualification of Cleary*, 88 Ohio St.3d 1220, 1222-1223, 723 N.E.2d 1106 (2000), citing Canon 3(B)(4) and (5) of the former Code of Judicial Conduct (superseded by Canon 2 and rules analogous to the former code provisions, effective Mar. 1, 2009). Even if Judge Sheward found it necessary to comment on Todd's motives and credibility before actually deciding whether Todd should be held in contempt and before hearing all the evidence, he should have refrained from unnecessary disparagement and limited his comments to what was reasonably necessary for the orderly progress of the hearing. An objective observer who has read the entire record—and especially the judge's one-sided commentary at the end of the April show-cause hearing—might reasonably question whether Judge Sheward can now set aside his seemingly fixed views

6

about Todd, weigh fairly and impartially any arguments Todd offers at the continued show-cause hearing, and decide the contempt motion based on the law and facts before the court. In addition, Judge Sheward's response to Bloomfield's seemingly reasonable inquiry regarding the nature of the contempt hearing might cause an objective observer to question whether the judge has developed hostile feelings toward Todd and his counsel.

{¶ 13} Judge Sheward steadfastly maintains that he can hear this matter without bias, and that may be true. And the judge correctly notes that some of Todd's other allegations in his affidavit of disqualification are not supported by the record. But even in cases where no evidence of actual personal bias or prejudice is apparent, "disqualification is appropriate when the public's confidence in the integrity of the judicial system is at stake." *In re Disqualification of Saffold*, 134 Ohio St.3d 1204, 2010-Ohio-6723, 981 N.E.2d 869, ¶ 6. As this court has long stated, "[i]t is of vital importance that the litigant should believe that he will have a fair trial." *State ex rel. Turner v. Marshall*, 123 Ohio St. 586, 587, 176 N.E. 454 (1931). In this case, it is fair to say that Todd and his counsel no longer hold that belief, and an objective observer who has read the contempt-hearing transcript might reasonably agree. Ultimately, instead of supervising the partnership's dissolution, the judge through his comments has exacerbated the situation. "When the case becomes about the judge rather than the facts of the case and the law, it is time for the judge to step aside." *In re Disqualification of Saffold* at ¶ 2.

{¶ 14} Accordingly, on this record, Judge Sheward's impartiality could reasonably be questioned and disqualification is necessary to avoid an appearance of partiality. The chief justice has followed the same course in similar cases. *See, e.g.*, *In re Disqualification of Winkler,* 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996, ¶ 13, and cases cited therein.

## Conclusion

{¶ 15} For the reasons stated above, the affidavit of disqualification is granted, and it is ordered that Judge Richard S. Sheward participate no further in the underlying proceeding.  The case is returned to the administrative judge of the Franklin County Court of Common Pleas for reassignment.

{¶ 16} In addition, in accordance with Sup.R. 45(E), it is ordered that the notebook labeled "Confidential Documents," which was filed in camera in the trial court and included in Judge Sheward's response to the affidavit of disqualification, shall be placed under seal by the clerk of this court.

_____