IN RE DISQUALIFICATION OF BURGE.

STATE *v*. JACKSON.

[Cite as *In re Disqualification of Burge,* 138 Ohio St.3d 1271,

2014-Ohio-1458.]

*Judges—Affidavit of disqualification—R.C. 2701.03—A trial judge cannot, without explanation, recuse himself in a substantial number of cases and, at substantially the same time, decline to recuse himself in another group of cases that appears indistinguishable for purposes of recusal— Disqualification granted.*

(No. 14-AP-010—Decided February 28, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Lorain County Court of Common Pleas

Case No. 08CR076222.

————————————

**O'CONNOR, C.J.**

**{¶ 1}** Lorain County Prosecuting Attorney Dennis Will and Assistant Prosecutor Anthony Cillo have filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge James M. Burge from serving on a three-judge panel in case No. 08CR076222, a capital case pending in the Court of Common Pleas of Lorain County.

**{¶ 2}** For the reasons explained below, the affidavit is well taken, and Judge Burge is disqualified from serving on the three-judge panel.

**Background**

**{¶ 3}** On January 15, 2014, Judge Burge issued two entries removing himself from cases assigned to Assistant Prosecutor Cillo. Specifically, Judge Burge issued one entry recusing himself from three pending cases in which Cillo served as counsel, including a death-penalty case. The judge also issued a blanket

entry recusing himself "from all cases assigned to him and which are coterminously assigned, or have previously been assigned by the Lorain County Prosecutor, to Attorney Anthony D. Cillo." The blanket entry did not give any reason for the judge's recusal or otherwise limit the scope of the judge's recusal in cases previously assigned to Cillo.

{¶ 4} In the underlying matter, Cillo has served as first chair for the state since 2008. On February 12, 2014, defendant Vincent Jackson Jr. requested a three-judge panel, and the presiding judge of the Lorain County Common Pleas Court randomly selected two judges from that court to serve on the panel with Judge James Miraldi, who had been assigned to preside over Jackson's jury trial. Judge Burge was selected, and despite his blanket entry recusing himself from Cillo's cases, the judge agreed to serve on the panel.

{¶ 5} Will and Cillo subsequently filed this affidavit of disqualification, primarily asserting that Judge Burge's "attempt to circumvent his own voluntary recusal establishes the mere appearance of impropriety." Affiants also argue that Judge Burge has a bias against Cillo and that given other facts in the underlying case, Judge Burge's impartiality might reasonably be questioned.

{¶ 6} Judge Burge has responded in writing to the allegations in the affidavit, averring that his decision to recuse himself from Cillo's cases was unrelated to any bias against Cillo. Instead, the judge claims that he recused himself because the amount of time consumed by the prosecutor's office in attempting to remove him from Cillo's cases—and the amount of time consumed by him in defending himself against the prosecutor's attempts—was "a poor use of public funds and bad government in general." In addition, Judge Burge notes that Cillo's three cases had been significantly delayed, and the judge removed himself to obviate the possibility that he had been an "obstacle" to timely resolution of those matters. According to Judge Burge, he would not be serving

as the assigned or presiding judge in the underlying matter, but only as a "trier of fact on a three-judge panel."

### Merits of the affidavit of disqualification

{¶ 7} "The law requires not only an impartial judge but also one who appears to the parties and the public to be impartial." *In re Disqualification of Corrigan*, 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, ¶ 11. Here, Judge Burge's blanket order plainly disqualified him from all cases previously assigned to Cillo. The judge believes that his blanket order should not apply to the underlying matter because he would be serving only as a "trier of fact on a three-judge panel." The judge's position, however, significantly downplays each judge's role in a three-judge-panel case. Under R.C. 2945.06, "the judges or a majority of them may decide all questions of fact and law arising upon the trial," and more importantly, "the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty." In addition, if the accused pleads guilty to a charge of aggravated murder, the three judges "shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly." Contrary to Judge Burge's opinion, one judge's role on a panel in a capital case is no less significant than a judge's role in any other case.

{¶ 8} Accordingly, Judge Burge has failed to sufficiently explain how the underlying matter is distinguishable from other cases in which Cillo appears as counsel. As a federal appellate court noted, "a trial judge cannot, without explanation, recuse himself in a substantial number of cases and, at substantially the same time, decline to recuse himself in another group of cases that appears indistinguishable for purposes of recusal." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 170 (3d Cir.2004). From an appearance perspective, this is what Judge Burge has attempted to do here. *See id.* Once Judge Burge had

recused himself from all of Cillo's cases, he could not then pick and choose, without reasonable justification, which cases involving Cillo to hear.[1]

{¶ 9} "Preservation of public confidence in the integrity of the judicial system is vitally important," and "[a]n appearance of bias can be just as damaging to public confidence as actual bias." *In re Disqualification of Murphy*, 110 Ohio St.3d 1206, 2005-Ohio-7148, 850 N.E.2d 712, ¶ 6. Accordingly, disqualification is appropriate when, as here, the public's confidence in the integrity of the judicial system is at stake. *See In re Disqualification of Saffold*, 134 Ohio St.3d 1204, 2010-Ohio-6723, 981 N.E.2d 869, ¶ 6.

### Conclusion

{¶ 10} For the reasons stated above, the affidavit of disqualification is granted to avoid any appearance of impropriety. The case is returned to the presiding judge of the Lorain County Common Pleas Court for random selection of another judge of that court to serve on the three-judge panel.

_____

---

1. This is not to say that Judge Burge cannot later decide to withdraw his blanket order if the grounds precipitating his recusal no longer exist. *See In re Disqualification of Celebrezze*, 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499.