[Cite as *In re B.W.*, 2017-Ohio-1180.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: B.W.

C.A. No. 16CA010933

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No. 14 JC 43680

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

CARR, Presiding Judge.

{¶1} Appellant, Jodie C. ("Mother"), appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that overruled her objections to the magistrate's decision and placed her minor child in the legal custody of a maternal aunt and uncle. Because the trial court erred in failing to disqualify the magistrate who conducted the dispositional hearing, this Court reverses and remands.

I.

{¶2} Mother is the natural mother of B.W., born August 23, 2014, the only child at issue in this case. Lorain County Children Services ("LCCS") became involved with Mother and B.W. at the time of the child's birth because Mother had an extensive history with the agency. Notably, through prior juvenile court cases, Mother lost custody of three older children, D.C., S.M., and C.M., who were ultimately placed in the legal custody of three different relatives.

**{¶3}** B.W. was removed from Mother's custody, later adjudicated a dependent child, and placed in the temporary custody of a maternal aunt under an order of protective supervision. The record does not include transcripts of the adjudicatory or dispositional proceedings.

**{¶4}** LCCS ultimately moved the trial court to place B.W. in the legal custody of the maternal aunt. The matter proceeded to a dispositional hearing before a magistrate. During the hearing, when LCCS introduced journal entries from the prior juvenile court cases involving Mother's older children, her trial counsel noticed that the magistrate presiding over the hearing in this case was identified as counsel for the father of two of the children in that case. Mother's counsel explained that he had never seen those journal entries before and was not aware that the magistrate had represented one of the fathers in the prior case. Mother's counsel immediately objected to the magistrate presiding over the dispositional hearing in this case.

**{¶5}** The magistrate overruled Mother's objection, explaining that the issue had been resolved at a prior hearing, and proceeded with the dispositional hearing. The magistrate ultimately decided that B.W. should be placed in the legal custody of the maternal aunt.

**{¶6}** Mother objected to the magistrate's decision, challenging the decision on its merits and alternatively requesting that the trial court disqualify the magistrate. She asserted that the magistrate's role as counsel for the father in the prior juvenile proceedings raised a question about his ability to be an impartial factfinder in this case. The trial court overruled Mother's objections and placed B.W. in the legal custody of the maternal aunt. Mother appeals and raises two assignments of error. This Court will confine its review to Mother's second assignment of error because it is dispositive.

II.

**ASSIGNMENT OF ERROR II**

THE COURT ERRED[] IN NOT DISQUALIFYING/RECUSING THE MAGISTRATE[.]

{¶7}    Mother's second assignment of error is that the trial court erred in failing to disqualify the magistrate who conducted the final dispositional hearing.  At the hearing, when LCCS presented journal entries from the 2011 juvenile abuse, neglect, and dependency cases involving Mother's older children, Mother's counsel discovered that the magistrate had served as legal counsel for the father of two of the three children throughout that case.  Those two children were initially placed in the legal custody of their father, the magistrate's former client, and later placed in the legal custody of the father's relatives.  Mother argued through her objections to the magistrate's decision and again on appeal that the magistrate should have been be disqualified because his impartiality could be questioned in this case.  *See* Jud.Cond.R. 2.11(A).

{¶8}    Initially, this Court must determine whether this issue is properly before us on appeal.  The code of judicial conduct applies to magistrates as well as judges.  *See Disciplinary Counsel v. Williams*, 145 Ohio St.3d 308, 2016-Ohio-827, ¶ 7.   Unlike the process for disqualifying a judge, however, a party seeking to disqualify a magistrate should direct the request to the trial judge who referred the matter to the magistrate, not the chief justice of the Ohio Supreme Court.  *In re Disqualification of Wilson*, 77 Ohio St.3d 1250, 1251 (1996).  "The removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court."  *Id*.

{¶9}    Juv.R. 40(D)(6) provides that "[d]isqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court."  Although Mother did not explicitly file a motion with the trial court to remove the magistrate,

she raised the issue in the trial court through her objections to the magistrate's decision. Other appellate courts have addressed the merits of disqualification issues raised through objections to the magistrate's decision. *See Angus v. Angus*, 10th Dist. Franklin Nos. 15AP-655, 15AP-693, 2016-Ohio-7789, ¶ 18; *see also Lamont v. Lamont*, 11th Dist. Geauga No. 2005-G-2628, 2006-Ohio-6204, ¶ 17 (Because the appellant filed objections to the magistrate's decision on that basis and the trial court ultimately ruled on the disqualification issue, the court addressed the merits of the issue on appeal.). Moreover, Jud.Cond.R. 2.11, Official Comment [2] provides that, if the impartiality of a judge or magistrate may reasonably be questioned, disqualification is required under the rule, regardless of whether a motion to disqualify has been filed.

{¶10} This Court also rejects the argument of LCCS that Mother waived this issue because she had notice about the magistrate's involvement in the prior cases but failed to raise an earlier objection to him presiding over these proceedings. The record fails to reflect that Mother had such notice and, even if she did, her failure to raise an earlier objection cannot be construed as a waiver of this issue. A waiver of a potential basis for disqualification cannot be construed from Mother's silence. Instead, the "waiver" must be affirmatively demonstrated on the record after fully apprising the parties of the potential conflict. Jud.Cond.R. 2.11(C) sets forth formal requirements for waiving a potential basis for disqualification:

> A [magistrate] subject to disqualification under this rule * * * may disclose on the record the basis of the [magistrate's] disqualification and may ask the parties and their lawyers to consider, outside the presence of the [magistrate] and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the [magistrate] or court personnel, that the [magistrate] should not be disqualified, the [magistrate] may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

{¶11} The record in this case includes no such agreement, nor does it reflect the other requirements for a formal waiver of this issue. Mother's counsel stated on the record that he had

been unaware of the potential basis for disqualification until the final dispositional hearing, and that assertion is not contradicted by the record. Although LCCS asserts that the magistrate's prior role as counsel for one of the fathers was discussed at a prior hearing, the record does not include a transcript of any prior hearings.

{¶12} The merits of Mother's argument are that the magistrate should have been disqualified because his "impartiality might reasonably be questioned[.]" (Emphasis omitted.) Jud.Cond.R. 2.11(A). Mother did not assert that the magistrate had demonstrated any actual bias in this case. Instead, her argument was about the appearance of impropriety. "The proper test for determining whether a [magistrate's] participation in a case presents an appearance of impropriety is * * * an objective one. A [magistrate] should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the [magistrate's] impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, ¶ 8.

{¶13} "Preservation of public confidence in the integrity of the judicial system is vitally important," and "[a]n appearance of bias can be just as damaging to public confidence as actual bias." *In re Disqualification of Murphy,* 110 Ohio St.3d 1206, 2005-Ohio-7148, ¶ 6. "[D]isqualification is appropriate when the public's confidence in the integrity of the judicial system is at stake." *See In re Disqualification of Saffold,* 134 Ohio St.3d 1204, 2010-Ohio-6723, ¶ 6.

{¶14} Mother pointed to the magistrate's involvement in 2011 juvenile proceedings as counsel for the father of two of her older children, S.M. and C.M. The journal entries presented by LCCS demonstrated that, as counsel for the father in those proceedings, he successfully advocated for his client and against Mother that the children should be placed in the legal custody of the father, until the father later developed legal and health problems. When the

children were placed in the father's legal custody in 2011, Mother was prohibited from having any unsupervised conduct with them because of her untreated mental health and substance abuse problems and her prior abuse of those children.

{¶15} This case began three years after the prior case closed and involved questions about Mother's current parenting abilities and the best interest of a different child. Unlike his role in the prior case as an advocate for one of the parents whose legal interests were not aligned with those of Mother, however, the role of the magistrate in this case was to act as an impartial fact finder and to determine the best interest of B.W. based solely on the evidence properly before him. Given the magistrate's advocacy for the father and against Mother in the 2011 juvenile case, and his potential exposure to negative evidence and information about Mother that would not otherwise be before him as the fact finder in this case, a "reasonable and objective observer" could doubt his ability to be impartial in assessing Mother's current parenting ability and determining the best interest of B.W. in this case. *See Lewis,* 2004-Ohio-7359, at ¶ 8. Because the trial court abused its discretion by failing to disqualify the magistrate on that basis, Mother's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN NOT GRANTING A SIX MONTH EXTENSION TO APPELLANT[.]

{¶16} Because Mother's first assignment of error has been rendered moot by this Court's disposition of her second assignment of error, it will not be addressed. App.R. 12(A)(1)(c).

III.

**{¶17}** Mother's second assignment or error is sustained. Her first assignment of error was not addressed because it is moot. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BARBARA A. WEBBER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and CARA M. FINNEGAN, Assistant Prosecuting Attorney, for Appellee.