IN RE DISQUALIFICATION OF DELLICK AND QUINN.

## M.G. *v.* J.K.

AND

## C.L. *v.* J.K.

2017-Ohio-5542.]

(No. 17–AP–025—Decided April 12, 2017.)

O'CONNOR, C.J.

{¶ 1} J.K. has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify the judges assigned to the two above-captioned child-custody cases. For the reasons explained below, no basis has been established to order disqualification of either judge.

### The Mahoning County Case

{¶ 2} Judge Theresa Dellick currently presides over case No. 11 J1 52 in the Mahoning County Court of Common Pleas, Juvenile Division. J.K. claims that Judge Dellick is biased against him and should be disqualified primarily because (1) she recused herself from the matter but then improperly reappointed herself, (2) she has ignored his motions and/or wrongly decided them, and (3) she engaged in ex parte settlement communications. Judge Dellick has responded in writing to the affidavit, denying any bias against J.K. and requesting that the affidavit be denied.

{¶ 3} Based on this record, J.K. has not established that Judge Dellick's disqualification is necessary.

{¶ 4} First, Judge Dellick has sufficiently explained the circumstances leading to her recusal and reassignment. According to Judge Dellick, in August 2015, she determined that one of J.K.'s motions created a conflict of interest for her and she therefore requested that a visiting judge be assigned to preside over the case. However, more than a year later, Judge Dellick determined that because the visiting judge had decided the motion that had created the conflict, there was no longer a need for the visiting judge. She therefore requested and obtained the visiting judge's withdrawal from the case and her reassignment. Nothing about this process suggests that Judge Dellick is biased or prejudiced against J.K. or that any disqualifying conflict of interest remains in the case. *See, e.g., In re Disqualification of Burge*, 138 Ohio St.3d 1271, 2014-Ohio-1458, 7 N.E.3d 1211, ¶ 8, fn. 1 (acknowledging that a judge can withdraw a blanket order of recusal "if the grounds precipitating his recusal no longer exist").

{¶ 5} Second, it is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. According to J.K., Judge Dellick has made multiple legal missteps both before her recusal and

after her reassignment. However, "[p]rocedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6. Reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification, and therefore J.K.'s disagreement with Judge Dellick's decisions or her handling of the case is not grounds for disqualification.

{¶ 6} Third, J.K. has not proved that Judge Dellick engaged in an improper ex parte communication. Judge Dellick acknowledges that she met separately with the parties in an attempt to settle their ongoing disputes, but the judge further states that she did so only with their approval. Pursuant to Jud.Cond.R. 2.9(A)(4), judges may confer separately with the parties and their lawyers in an effort to settle matters, as long as the parties consent to the judge's involvement. J.K. fails to allege—let alone establish—that Judge Dellick acted without his consent. Therefore, he has failed to prove that she engaged in any improper ex parte communication warranting disqualification.

## The Summit County Case

{¶ 7} Judge John P. Quinn presides over case No. DR–2005–04–1242 in the Summit County Court of Common Pleas, Domestic Relations Division. J.K. criticizes Judge Quinn's rulings in the case and describes the action as involving "corruption, blackmail, coercion, and insanity." Judge Quinn has responded in writing to the affidavit, denying any bias against J.K. and submitting a court-of-appeals decision affirming the judge's most recent custody decision.

{¶ 8} Under R.C. 2701.03(A), the chief justice's statutory authority to order disqualification of judges extends only to those matters in which "a proceeding [is] pending before the court." Thus, "the chief justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the trial court." *In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6. Here, both J.K. and Judge Quinn acknowledge that in March 2017, the court of appeals affirmed the judge's recent custody decision. Because J.K. has failed to identify what, if anything, remains pending before Judge Quinn, there is no basis to order the judge's disqualification under R.C. 2701.03. *See id.* at ¶ 4–6.

{¶ 9} Alternatively, even if J.K. had identified a pending matter, his affidavit fails to set forth sufficient grounds for disqualification. As explained above, "dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification." *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.

## Conclusion

{¶ 10} The disqualification of a judge is an extraordinary remedy. A "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here.

{¶ 11} The affidavit of disqualification is therefore denied.

{¶ 12} In addition, J.K.'s requests for the appointment of a new guardian ad litem and the appointment of counsel for his children are denied. Those requests are outside the chief justice's scope of authority in deciding an affidavit of disqualification under R.C. 2701.03.